Insurance Commissioner
ACCEPTED SOP
NOV 2 6 2019
TIME: 2pm

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON
November 21 2019 10:29 AM
KEVIN STOCK
COUNTY CLERK
NO: 19-2-12285-0

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

BENJAMIN ZIELINSKI,

        Plaintiff,

v.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA,

        Defendant.

NO.

**CLASS ACTION COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT**

COMES NOW BENJAMIN ZIELINSKI (hereinafter "Mr. Zielinski" or "Plaintiff") the above-named Plaintiff, and alleges against the above-named Defendant, FIRST NATIONAL INSURANCE COMPANY OF AMERICA (hereinafter "Defendant" or "SAFECO") as the proposed Representative of a Class to be comprised of certain insureds of SAFECO with policies issued in the State of Washington, as follows:

## I. INTRODUCTION & STATEMENT OF FACTS

1.1    SAFECO has advertised, solicited, and sold private passenger automobile insurance policies providing 1st party Underinsured Motorist property damage coverage ("UIM PD") in the State of Washington. This SAFECO coverage provides, consistent with the

COMPLAINT FOR DAMAGES - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

requirements of RCW 48.22.030, and copying the relevant statutory coverage language from RCW 48.22.030(2), payment for

> damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an accident. (Bolding in original).

1.2     On July 26, 2017, Mr. Zielinski's automobile, a 2017 Volkswagen Golf R, was damaged when it was hit, while parked, by another vehicle. Plaintiff's vehicle, as shown by the repair estimate, required body and/or paint work to the right quarter panel, rear bumper, and right rear door. The cost of repair for the damage was approximately $1,434.09. Mr. Zielinski was not present at the time of the collision and the at-fault driver made no effort to contact Mr. Zielinski or to accept responsibility for the collision. Mr. Zielinski filed a Vehicle Collision Report with law enforcement authorities and thereafter presented a claim to SAFECO to compensate him for the damage to his vehicle pursuant to the UIM PD provisions of his insuring agreement with SAFECO.

1.3     SAFECO investigated the facts of the claim, determined fault, and any comparative liability, and the estimated cost of repairs of Plaintiff's vehicle, recording each in SAFECO's claims files. Based upon its investigation, SAFECO elected to repair Mr. Zielinski's vehicle, and did so, again based upon its investigation, under the UIM PD provision of the policy. This determination by SAFECO entitled Plaintiff to the benefits available under the insuring agreement and Washington law for payment of losses caused by uninsured/underinsured motorists, and nothing further was required from Plaintiff to obtain these benefits.

1.4     However, while it paid for repairs to Mr. Zielinski's vehicles, those repairs did not, nor could they, fully restore Mr. Zielinski's vehicle to its pre-accident condition. When certain automobiles—those within the proposed Class—sustain damage to their structural

COMPLAINT FOR DAMAGES - 2

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

systems and bodies, they cannot be fully repaired to their pre-accident condition and are, as a result, tangibly different than they were pre-accident. This damage which cannot be fully repaired causes the vehicles to suffer a loss in value at the time of the accident called "diminished value." Mr. Zielinski's 2017 Volkswagen Golf R, which required body/paint repair work to the right quarter panel, rear bumper cover, and right rear door, is an example of a vehicle that could not be fully repaired to its pre-loss condition and therefore suffered diminished value.

1.5   In Washington State, unlike in most other States, UIM PD coverage is *mandatory* coverage, unless it is expressly declined in writing. UIM PD is made available "for the protection of persons insured thereunder who are **legally entitled to recover damages** from owners or operators of underinsured motor vehicles, hit-and-run motor vehicles, and phantom vehicles **because of** … property damage, resulting therefrom." RCW 48.22.030(2) (emphasis added). This statutorily prescribed coverage applies when the at-fault driver (or hit and run at-fault driver) does not have liability insurance (or sufficient insurance) to cover the "**applicable damages** which the covered person is legally entitled to recover." RCW 48.22.030(1) (emphasis added). As with SAFECO's own policy language, what triggers coverage, (i.e., the words "property damage"), means "physical damage to the insured motor vehicle." RCW 48.22.030(3). The plain and undisputable language of RCW 48.22.030 shows that it is designed to protect Washington insureds from uninsured or underinsured motorists by allowing them to collect their "legally entitled damages" from their own insurer under UIM PD.

1.6   Materially identical UIM language to that in SAFECO's policy has been found to cover not simply the "physical damage" to the vehicle, but also those damages which resulted from the vehicle sustaining property damage. (*Kalles v. State Farm Mut. Auto. Ins. Co.*, 7 Wn. App.2d 330, 433 P.3d 523 (2019)). Moreover, coverage for diminished value has been held to

COMPLAINT FOR DAMAGES - 3

be *mandatory* and non-excludable under Washington's UIM statute. *Pacheco v. Oregon Mut. Ins. Co.*, __ Wn. App.2d. ___, 2019 WL 3887405, ¶19 (2019) ("An express policy exclusion for coverage for diminished value of the damaged vehicle is therefore contrary to the UIM statutory language").

  1.7 In Washington, it is long established that the compensatory damages one can recover from an at-fault driver in this State includes what the law refers to as "Diminished Value." In *Kane v. Nakamoto*, 113 Wash. 476, 481, 194 Pac. 381 (1920), the Washington State Supreme Court held that the measure of damages for injury to a car would be the decrease in the fair market value thereof. That rule has been reaffirmed more recently in *Pugel v. Monheimer*, 83 Wn. App. 688, 690-91, 922 P.2d 1377 (1996) ((damages to real property) ""The owner is entitled to damages for both the reasonable and necessary repair costs and the diminution in value remaining after the repairs."") and in *Moeller v. Farmers Ins. Co. of Wa.*, 173 Wn.2d 264, 267 P.3d 998 (2011) (automobile damages). As WPI 30.12 states, the "compensatory damages" recoverable under Washington law include "The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair cash market value of the property immediately before the occurrence and its fair cash market value after it is repaired."

  1.8 Here, despite the above, and the relevant statutory language (identified by SAFECO itself in its insuring clause) the Mr. Zielinski's insuring agreement attempted to expressly *excluded* diminished value as follows:

**EXCLUSIONS**

  A. We do not provide Underinsure Motorists Coverage for *property damage* sustained by any **insured**:

. . .

COMPLAINT FOR DAMAGES - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

8. For **diminution in value** for your **covered auto**.[1] (Bolding in original).

1.9  Plaintiff alleges that despite the specific mandates of RCW 48.22.030, RCW 48.22 *et seq.*, (as confirmed in *Pacheco v. Oregon Mut. Ins. Co.*, __ Wn. App.2d. ___, 2019 WL 3887405, ¶19 (2019)), SAFECO improperly excluded coverage for "diminution in value." As found in *Pacheco*, the legislative mandate of RCW 48.22.030 protects Washington insureds from uninsured or underinsured motorists by allowing them to collect for the damage to their own vehicles from their own insurer under UIM PD. As a result, the purported exclusion of diminished value in SAFECO's standard form policy reduces the minimum coverage mandated by statute and is void and unenforceable.

1.10  Like all other members of the proposed Class, when Plaintiff presented his vehicle to SAFECO to have his property loss adjusted and paid, SAFECO, who inspected the vehicle, did not adjust the loss to include diminished value loss. SAFECO therefore failed to compensate Mr. Zielinski and the members of the putative Class for their "legally entitled (i.e., diminished value) damages" as a result of the exclusion which is not permitted under the language of RCW 48.22.030 and Washington Case law.

## II. THE PARTIES, JURISDICTION, VENUE

2.1  The Defendant, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, is a foreign insurer which sells insurance and adjusts losses throughout the State of Washington, and conducts substantial, continuous and ongoing business in Pierce County with Plaintiff and may other. Venue is therefore proper pursuant to RCW 4.12.025 section (1) and (3) (d) in this county as the county in which the Defendant transacts substantial and continuous business.

---

[1] The insuring agreement, in its "DEFINITIONS" section at p. 1, provides that "Diminution in Value" means the actual or perceived loss in market or resale value which results from a direct and accidental loss."

<u>COMPLAINT FOR DAMAGES</u> - 5

SAFECO's operations and principle place of business are located in King County at 1001 Fourth Ave., Seattle, WA 98154, see https://www.safeco.com/about/office-locations. SAFCO conducts business in Pierce County and all other counties of this State.

2.2     Plaintiff is a resident of Pierce County, Washington.

2.3     The claims asserted herein exceed the minimum jurisdictional amount of this Court but are far less than $75,000 per Class Member.

2.4     All members of the proposed Class are insured under policies issued in and for the State of Washington for vehicles registered in the State of Washington.  As a result, nearly all proposed Class members are Washington residents and citizens.  Less than one percent (1%) of the members of the proposed Class will be citizens of other States, but nonetheless will be connected to Washington State via their vehicles and insurance policies.

2.5     On information and belief, the proposed Class will include approximately 3,723 claims.  This number is derived from Defendant's comparative market share in Washington for first party personal-line property damage coverage, the sizes of prior classes in which insurers have provided (always slightly over-inclusive) matching the Class Definition in discovery, and the findings of a federal court on the number of class members meeting the same class definition.

2.6     Additionally, average diminished value loss damages have been calculated in other actions by applying Plaintiff's approach to damages (a statistical regression analysis of vehicle sale prices) based upon a sampling of claims.  Using the most recent of these average losses — after accounting for prior overlapping damage which can be removed from the recoverable damages — there will be approximately $1,158 per claim in compensatory damage.

COMPLAINT FOR DAMAGES - 6

2.7     These figures determine that the total amount sought in compensatory damages in this action will be no more than $4,311,234. Neither prospective injunctive relief, nor treble damages are sought.

2.8     While this case is unlikely to involve a coverage question in light of binding Washington Case law finding an exclusion for diminished value recoverable under *Moeller III* (the relief sought in this case) to be void, should SAFECO nevertheless contend that its exclusion is not void, the issue is a matter of contractual and statutory interpretation which is easily resolved. The undersigned counsel has been counsel in various cases which addressed coverage language including *Moeller III*, *Kalles*, and *Pacheco*, and has repeatedly (including prior to *Kalles* and *Pacheco*) briefed the issues involved. The meaning of the policy and statutory language at issue in this case (i.e. the coverage issue if one were asserted) is distinct and separable from any other issues and has been addressed in all prior cases as a distinct question of law. To the extent SAFECO were, despite the holdings of *Kalles* and *Pacheco*, to attempt to assert a coverage issue as a defense, it would raise no factual issues and can be addressed for *at most* $40,000 in lodestar fees, including any appeal., with loadstar fees likely being far less given that the issues have already been briefed in prior cases. As such, given that any recoverable *Olympic Steamship* fees would not exceed $40,000 in total, and further that Plaintiff pleads only for the $200.00 statutory fee award to the prevailing party, the maximum amount in controversy in this matter will be less than $4,351,434. Therefore, jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not exist, as the amount in controversy is far less than $5,000,000.00.

### IV. COMMON COURSE OF CONDUCT BY SAFECO

4.1     SAFECO solicits and advertises for consumers to purchase UIM coverage for

COMPLAINT FOR DAMAGES - 7

their vehicles from SAFECO.

4.2     The policy that SAFECO issued to all members of the proposed Class promised as follows:

> damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an accident. (Bolding in original).

4.3     Plaintiff elected to make a claim under his UIM policy for his loss due to the at fault driver being underinsured. The language in the policies falling within the Class has been authoritatively construed in the *Moeller, Kalles* and *Pacheco* decisions as providing diminished value coverage, and to not allow the exclusion of such coverage. SAFECO neither adjusted UIM claims to address the damage which results from diminished value, nor paid full and fair diminished value damages on UIM claims, and such sums remain owing under the policies SAFECO issued.

## V. CLASS ACTION ALLEGATIONS

5.1     This action is brought as a class action under Superior Court Civil Rule 23. SAFECO's conduct has been systematic and continuous and has affected large numbers of SAFECO policy holders over time in Washington. Plaintiff brings this class action to secure redress for SAFECO's uniform and common practice of excluding coverage for diminished value losses so that SAFECO has failed to restore them to their pre-loss condition, including compensation for value, by failing to compensate Class Members for their losses when their vehicles have unavoidable tangible differences after repair. SAFECO's conduct has been uniform throughout the Class Period.

5.2     All members of the proposed Class have fully complied with all pertinent policy provisions to receive payment under their policies from SAFECO. Each member of the

COMPLAINT FOR DAMAGES - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

proposed Class has presented a claim to SAFECO or its agents to have the loss fully adjusted, and SAFECO has failed to adjust their claim to include diminished value, or to pay the loss fully. No further performance is required by any member of the proposed Class to secure all available coverages and benefits provided by the SAFECO policy.

5.3   Plaintiff seeks certification of the following Class:

All SAFECO Insurance Company insureds with Washington policies issued in Washington State, where the insureds' vehicle damages were covered under Underinsured Motorist coverage, and

    1.   the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and

    2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

    3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned judge, the judge's staff and family.

5.4   Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown but can be readily determined from the records maintained by SAFECO. Plaintiff believes based upon discovery in prior cases that the Class size will be approximately 3,723 claims, based on a similar, but slightly smaller, number of SAFECO insureds (some Class members will have more than one qualifying accident).

5.5   Plaintiff is a typical member of the Class. He purchased a SAFECO automotive policy, paid premiums, and made a claim for loss when his insured automobile was damaged in an accident. He filed a claim and made his vehicle available to SAFECO for determination and

COMPLAINT FOR DAMAGES - 9

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

payment of his loss. SAFECO then failed to adjust the loss to include diminished value, nor to pay that loss.

5.6     As in the *Moeller* and other decisions, there are numerous and substantial questions of law and fact common to all of the members of the proposed Class which predominate over any individual issues. Included within the common questions of law and fact are:

(a) Whether SAFECO was contractually obligated to provide payment for diminished value to its UIM insureds;

(b) Whether Plaintiff and the members of the proposed Class had any further obligations before having their UIM losses adjusted by SAFECO to include diminished value;

(c) Whether SAFECO breached its contracts of insurance with the Class by failing to pay diminished value in UIM claims;

(d) Whether SAFECO breached its contracts of insurance with the Class by failing to adjust losses to include diminished value;

(e) The measure of damages for diminished value for the Class and its amount; and

(f) Whether Class members' vehicles were tangibly different after an accident and repair compared to before the accident, or if only "intangible" and invisible differences remain after repair.

5.7     Plaintiff has no interests adverse to the interests of other members of the proposed Class, and he will fairly and adequately protect the interests of the Class.

5.8     Plaintiff has retained the undersigned counsel, who are experienced and competent in the prosecution of class actions and complex litigation and have extensive

COMPLAINT FOR DAMAGES - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

experience with litigation involving diminished value, and who have the resources and experience necessary to prosecute this case.

5.9   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, due to the refusal of SAFECO to adjust and fairly pay the loss, the Class members will continue to suffer damage and SAFECO's conduct will proceed without effective remedy.

5.10   Individual members of the proposed Class have little interest or ability to prosecute an individual action due to the complexities of the issues involved, the costs of assembling proof of the amount of diminished value, the time required, and the relatively small, although significant (likely averaging around $1,158 per accident once prior overlapping damage is removed) damages suffered by each member of the proposed Class.

5.11   This action will allow the orderly, fair, and expeditious administration of Class claims; economics of time, effort, and expense will be fostered; and uniformity of decisions will be ensured. As with prior diminished value cases in this country, collective adjudication will allow sufficient proof and expertise to be assembled to value fairly and to prove the losses at issue. It will allow a proper and common adjudication of Class wide methods of determining the amount of diminished value loss, as compared to the common method used by SAFECO.

5.12   This action will present no difficulties which would impede its management by this Court as a class action, and a class action is the best available means by which Plaintiff and the members of the proposed Class can seek redress for the harm caused to them by SAFECO.

## VI. PLAINTIFF'S CAUSE OF ACTION: BREACH OF CONTRACT

6.1   Plaintiff realleges the allegations contained in the previous paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

6.2     Plaintiff and members of the proposed Class entered into contracts with SAFECO which were identical in all material respects. They paid all required consideration in the form of premium for the coverage afforded by the SAFECO policy. They complied with all conditions precedent under the SAFECO policies and presented their claims. As to each claim, before paying to repair the vehicle, SAFECO found UIM PD coverage to exist and to apply and all conditions precedent to payment to be satisfied.

6.3     SAFECO was obligated under the policy and Washington Law to cover and pay diminished value damages on these losses. SAFECO breached the express provisions of the policy and its contract with Plaintiff and members of the Class by not fully restoring vehicles to their pre-loss value and then not paying for the resulting diminished value on those vehicles (such as those within the Class) which resulted.

6.4     As a direct and foreseeable consequence of the foregoing, Plaintiff and the members of the Class have been damaged by receiving less (in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards) than they would have received had SAFECO paid the amounts Plaintiff and members of the Class were entitled to, in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

7.1     Plaintiff and the members of the proposed Class have been injured as a result of SAFECO's conduct as described above. As a result, Plaintiff and the members of the proposed Class are entitled to and pray for the following relief:

1. Payment of the difference between the insured vehicle's pre-loss market value and its market value as a repaired vehicle after the accident;

2. Costs of suit pursuant to RCW 4.84.015 ($200);

COMPLAINT FOR DAMAGES - 12

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

3. Post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid; and

4. For such other relief as is deemed just, equitable and necessary to effectuate the Court's Orders and Judgment.

WHEREFORE, THE FORGOING BEING CONSIDERED, Plaintiff respectfully requests that the Court certify this case as a Class Action and that judgment be entered for the Plaintiff and members of the proposed Class against SAFECO for the damages described above, and for any orders necessary to effectuate this Court's Judgment.

DATED this 21st day of November, 2019.

Law Offices of STEPHEN M. HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA #15642
Of Attorneys for Plaintiff

Scott P. Nealey
(To be admitted *Pro Hac Vice*)
Law Office of Scott P. Nealey
71 Stevenson St #400
San Francisco, CA 94105
Phone: 415-231-5311
Fax:    415-231-5313
Cellular: 415-640-4806
snealey@nealeylaw.com

COMPLAINT FOR DAMAGES - 13

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302 5955

## VERIFICATION

THE UNDERSIGNED verifies under penalty of perjury under the laws of the State of Washington as follows:

That as the above-named Plaintiff, I have read the above and foregoing Complaint, and to the best of my knowledge the allegations contained therein are true and correct.

DATED AT Tacoma, Washington, this 14th day of November, 2019

_____
BENJAMIN ZIELINSKI

COMPLAINT FOR DAMAGES - 14