HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN ZIELINSKI,

        Plaintiff,

v.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA,

        Defendant.

CASE NO. 3:19-cv-06244-RBL

ORDER ON DEFENDANT'S MOTION TO STAY ENFORCEMENT OF REMAND ORDER PENDING APPEAL TO THE NINTH CIRCUIT

DKT. # 19

THIS MATTER is before the Court on Defendant First National Insurance Company of America's Motion to Stay Enforcement of Remand Order Pending Appeal to the Ninth Circuit. Dkt. # 19. On March 26, 2020, the Court granted Plaintiff Benjamin Zielinski's Motion to Remand on the basis that First National's estimate of the amount in controversy was based in part on unreasonable assumptions. Dkt. # 18 at 5. Despite finding issues with both parties' methods of calculation, the Court remanded this class action to state court because First National had not met its burden under *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). *Id*.

When deciding whether to grant a stay, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 432 (2009)). The first two factors are the most important. *Id*. With respect to the first factor, a movant need not show that they are more likely than not to succeed on the merits; rather, they need only demonstrate a "substantial case for relief on the merits" or that "serious legal questions are raised" by the appeal. *Id*. at 967-68.

First National argues that its appeal raises the important legal question of what constitutes a "reasonable assumption" by a defendant in a CAFA case "when a plaintiff's class definition is so specific that a defendant would have to investigate every potential class member to establish federal jurisdiction." Motion, Dkt. # 19, at 3-4. First National further argues that the possibility of spending time and money on duplicative litigation in state court if the case is sent back to federal court constitutes irreparable injury. First National also points out that any stay would be brief in light of CAFA's requirement that appeals from remand orders be resolved within 60 days. 28 U.S.C. § 1453(c)(2). There is therefore little possibility of injury to Zielinski.

Zielinski responds (belatedly) that, because the remand order has already been issued, the Court now lacks jurisdiction to entertain First National's Motion. Alternatively, Zielinski argues that First National cannot be harmed because Zielinski has promised not to move forward with the state court action until the appeal is resolved. Even if the case did move forward, Zielinski points out that discovery in the state court proceedings would also be useful if the case is removed to federal court. Further, Zielinski contends that First National's appeal does not raise novel legal questions and will surely be denied.

DKT. # 19 - 2

1         The Court disagrees with Zielinski that jurisdiction is lacking. As many courts have
2 already observed, CAFA's provision allowing defendants to appeal remand orders would be
3 somewhat toothless if they were unable to obtain a stay from the district court. *See, e.g.,*
4 *Broadway Grill, Inc. v. Visa Inc.*, No. 16-CV-04040-PJH, 2016 WL 6069234, at *2 (N.D. Cal.
5 Oct. 17, 2016) ("Because the remand order is appealable under CAFA, this court retains
6 jurisdiction over the request to stay the case."); *Baron v. Johnson & Johnson*, No. SACV 14-
7 1531 JGB SPX, 2014 WL 7272229, at *2 (C.D. Cal. Dec. 17, 2014) ("[C]ourt have interpreted
8 [28 U.S.C. § 1453(c)] to . . . provide continuing jurisdiction to reopen a previously remanded
9 case."); *Manier v. Medtech Prods.*, 29 F. Supp. 3d 1284, 1287 (S.D. Cal. 2014) ("The Court
10 finds that it is appropriate for the Court to address a motion to stay pending appeal of a remand
11 order as Congress has specifically allowed these [CAFA] remand orders to be appealable."). The
12 Court has limited jurisdiction to resolve First National's Motion.

13         The Court also agrees with First National that a stay is appropriate in this case. First
14 National's appeal raises serious questions about how the Ninth Circuit's standard for evaluating
15 calculations of the amount in controversy applies in cases such as this where the plaintiff has
16 limited their class definition in multiple nuanced ways. Indeed, this Court found remand to be a
17 close question.

18         And while the Court agrees that discovery in state court could be equally useful if the
19 case was sent back to federal court, the parties would still likely expend some duplicative efforts
20 in state court. Zielinski's promise not to advance the case in state court is also not fully
21 reassuring, since the court may advance the case on its own. This representation does, however,
22 demonstrate that Zielinski does not stand to be injured by a stay because he already intends to
23 wait until the appeal is resolved before moving forward with his lawsuit. Indeed, if Zielinski's
24

promise is genuine, his motivation for opposing First National's Motion is somewhat mysterious. Finally, the Court finds that the likelihood of saving judicial resources means that a stay is in the public interest.

For these reasons, the Court GRANTS First National's Motion to Stay Enforcement of Remand Order Pending Appeal to the Ninth Circuit.

IT IS SO ORDERED.

Dated this 15th day of May, 2020.

Ronald B. Leighton
United States District Judge